UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:06CV-072-M**

**MICHAEL W. DAVIS**                                                                                         **PLAINTIFF**

**V.**

**ZACHARY JONES, et al.**                                                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by those Defendants employed by the Kentucky State Police to dismiss the official capacity claims in the Complaint against them [DN 8]. Fully briefed, this matter stands ripe for decision. For the following reasons, the Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

This case arises out of an alleged violation of the constitutional rights of Plaintiff, Michael Davis, during both a search and seizure and the events that followed. Plaintiff brings his Complaint against both state and county police officers. In his Complaint, Davis names the following state officers as Defendants: Zachary L. Jones ("Jones"), a trooper of the Kentucky State Police ("KSP"); Robert Shoultz ("Shoultz"), a sergeant of the KSP; Kerry B. Sims ("Sims"), a commander of a post for the KSP; Mark L. Miller ("Miller"), the commissioner of the KSP; and unknown named troopers of the KSP. Davis also names as Defendants Keith Cain ("Cain"), a member of the Daviess County Sheriff's Department, as well as unknown deputies of the Daviess County Sheriff's Department.

Plaintiff raises nine causes of action in his Complaint: (1) arrest without a warrant or probable cause, (2) conspiracy, (3) unlawful imprisonment, (4) warrantless search, (5) warrantless seizure of property, (6) malicious prosecution, (7) conversion of property, (8) defamation, and (9) intentional infliction of emotional distress. The Complaint also alleges vicarious liability against Sims, Miller, and Cain, both individually and in their official capacity. As to the vicarious liability allegation, Plaintiff asserts that "Sims and Miller are responsible for the conduct of Jones, Shoultz and Unknown Troopers who were acting within custom or policy of the Kentucky State Police." The Complaint seeks both compensable and punitive damages but does not request prospective relief. Two of the named Defendants, Sims and Miller, now seek dismissal only of the official capacity claims against them.[1]

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert.

---

[1] The Complaint clearly states official capacity claims against Miller and Sims. The Complaint is less clear as to whether it states an official capacity claim against the remaining state defendants. To the extent the Complaint does state an official capacity claim against the remaining state defendants, the holding in this case is equally applicable to those defendants as well.

denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. DISCUSSION

Defendants Miller and Sims contend that they possess sovereign immunity pursuant to the Eleventh Amendment of the U.S. Constitution from Plaintiff's federal law claims for monetary damages. The Defendants also argue that they possess governmental immunity from Plaintiff's state law claims for monetary damages. Plaintiff contends that his claims should survive this motion as he made a "policy or custom" allegation. The Court will first address the federal law claims before turning to the remaining state law claims.

**A. Federal Law Claims**

As an initial matter, the KSP is a state agency. Barnes v. Hamilton, No. 91-5360,

1991 U.S. App. LEXIS 24593, at *4 (6 th Cir. Oct. 10, 1991). The Eleventh Amendment to the United States Constitution generally bars individuals from suing state governments or state agencies for monetary damages in federal court. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). See also Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (1974) (when a plaintiff seeks monetary damages from a state agency that would be paid from public funds out of the state treasury, such actions are barred by the Eleventh Amendment). Federal courts recognize three exceptions to Eleventh Amendment immunity: (1) waiver/consent by the state, (2) abrogation of immunity by Congress, and (3) prospective injunctive relief pursuant to Ex Parte Young, 209 U.S. 123 (1908). Lawson, 211 F.3d 331, 334-35 (6th Cir. 2000). While the Ex parte Young doctrine does permit a potential plaintiff to sue state employees in federal court, such an action must seek prospective relief to end a continuing violation of federal law. See MacDonald v. Vill. of Northport, Mich. 164 F.3d 964, 970-72 (6th Cir. 1999). The Ex Parte Young exception applies only to prospective, non-monetary relief, such as injunctions. Rossborough Mfg. Co. v. Trimble, 301 F.3d 482, 489 (6th Cir. 2000).

     None of the exceptions apply here. The KSP has not waived its sovereign immunity and its immunity has not been abrogated by Congress. Furthermore, Plaintiff is seeking monetary, not prospective relief. Under Ex Parte Young, Plaintiff's pattern or practice allegation would be appropriate against Sims and Miller if Plaintiff were seeking injunctive relief. But that is not the case here. Dismissal of the official capacity federal law claims is appropriate as Plaintiff can state no set of facts upon which he would be entitled to relief.

Plaintiff's reliance on <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) is misplaced. The Court in <u>Monell</u> held that local governments may be sued for monetary, declaratory or injunctive relief. <u>Id</u>. at 690. But while subdivisions of the state, such as counties and municipalities, do not fall within the ambit of the Eleventh Amendment's protection, suits against a state are generally barred as explained above. <u>Lawson</u>, 211 F.3d at 335-36.

### B. State Law Claims

Plaintiff's state law claims against the Defendants in their official capacity are also barred by the doctrine of governmental immunity.[2] Governmental immunity, which is derived from the traditional doctrine of sovereign immunity, limits the imposition of tort liability on a government agency. <u>Yanero v. Davis</u>, 65 S.W.3d 510, 519 (Ky. 2001). State agencies are entitled to immunity from tort liability to the extent that they are performing a governmental, as opposed to a proprietary, function. <u>Id</u>. "The test for whether a government agency is performing a governmental function or a proprietary function is whether the agency is carrying out a function integral to state government." <u>Schwindel v. Meade County</u>, 113 S.W.3d 159, 168 (Ky. 2003) (internal citations omitted). On this point, the distinction between a suit against a government employee in his official or representative capacity, rather than in his individual or personal capacity, is crucial:

> [W]hen an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the

---

[2] Plaintiff makes no argument as to this issue.

>  same immunity, if any, to which the agency, itself, would be entitled... But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment.

Yanero, 65 S.W.3d at 522.

As law enforcement is integral to state government, and as this motion pertains only to the state law claims asserted against the KSP employees in their official capacity, dismissal of only those claims is proper.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the official capacity claims against them [DN 8] is **GRANTED**.

cc: counsel of record
06cv-072Davis